UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERIKA SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:10-cv-01578-WTL-DML |
| | ) | |
| HELMER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## Order on Discovery Dispute

On September 16, 2011, the court held a discovery conference with the parties and heard oral argument regarding a discovery dispute involving two discovery requests the parties have been unable to resolve informally. (*See* Dkt. 31). The court took the matter under advisement and now issues its ruling.

Plaintiff Erika Sanchez claims that defendant Helmer, Inc., her former employer, unlawfully discriminated against her because of her pregnancy in violation of Title VII and its Pregnancy Discrimination Act provisions, 42 U.S.C. § 2000e(k). Ms. Sanchez was a salesperson for Helmer and for about the last four years of her employment had "teleworked" from her home in Bloomington, Indiana. In September 2009, Helmer told Ms. Sanchez that she no longer could work remotely from her home and must work from Helmer's offices in Noblesville, Indiana. Ms. Sanchez claims that Helmer changed her work requirements because she was pregnant.

The discovery requests at issue are Interrogatory No. 18 and Document Request No. 38. Interrogatory 18 seeks the identity of employees "who performed all or part of his or her duties outside of [Helmer's] office at any time from January 1, 2006 to the present," a description of the employees' duties, and the percentage of time spent outside of Helmer's offices performing each

of his or her duties. Ms. Sanchez's Document Request No. 38 seeks all documents relating to "each former or current employee who worked remotely or outside of [Helmer's] office during the period from January 1, 2006 to the present."[1] Helmer objected to these requests as overly broad and unduly burdensome, and because they are "not reasonably calculated to lead to the discovery of admissible evidence in that [the request] is not limited to the Sales & Marketing Department." To address Helmer's objections, Ms. Sanchez limited the temporal scope of her request to January 1, 2009, and the pool of employees to only those in Helmer's Sales & Marketing Department. In response, Helmer stated that its objection that the requests were not limited to the Sales & Marketing Department was intended as an example of the way in which the requests were overbroad, unduly burdensome, and not relevant. Thus, in Helmer's view, Ms. Sanchez's offer to limit the scope to the Sales & Marketing Department did not cure the problems.[2]

The two discovery requests, relating to the discovery of information regarding other Helmer personnel, and their personnel files, are designed to lead to the discovery of admissible evidence regarding Helmer's treatment of so-called comparator employees. One of the methods by which employment discrimination may be proved is an "indirect method" under which an employer's treatment of the plaintiff is compared to its treatment of employees similarly situated to the plaintiff in an effort to show that differences in treatment reasonably may be attributed to a trait that the employer may not lawfully consider—like pregnancy, or race, or sex, or national

---

[1] According to Ms. Sanchez, this discovery request seeks these other employees' personnel files.

[2] It takes quite a stretch to read Helmer's objections in the way Helmer now says it intended. But the court will reach the merits of the parties' current discovery disputes rather than finding that Helmer waived its current objections because they were not timely stated with specificity. *See* Rule 33(b)(4).

2

origin.  *See Eaton v. Indiana Dep't of Corrections,* 2011 WL 3966145 at *4 (7th Cir. Sept. 9, 2011).

Helmer argues that the only employees who possibly could be considered similarly situated to Ms. Sanchez, for purposes of making a valid comparison under the indirect proof method, are those that had *international* sales duties like Ms. Sanchez *and* who performed their sales duties mostly by contacting customers by telephone, as opposed to making sales calls to the customers' places of business.  It appears that if the pool of *potential* comparators is so limited, then there is not a single comparator to Ms. Sanchez.  It may be that no other employee is closely enough situated to Ms. Sanchez that a valid comparator analysis can be performed, but Ms. Sanchez is entitled to explore the issue in discovery and not take Helmer's word for it.

The comparator analysis is not to be construed "'so rigidly or inflexibly that it [becomes] a useless analytical tool.'"  *Eaton,* 2011 WL 3966145 at *4 (quoting *South v. Illinois EPA,* 495 F.3d 747, 752 (7th Cir. 2007)).  The inquiry "'simply asks whether there are sufficient commonalities on the key variables between the plaintiff and the would-be-comparator to allow the type of comparison that, taken together with the other prima facie evidence, would allow a jury to reach an inference of discrimination.'"  *Eaton,* 2011 WL 3966145 at *4 (quoting *Humphries v. CBOCS West, Inc.,* 474 F.3d 387, 405 (7th Cir. 2007)).  Ms. Sanchez's limiting her discovery requests to employees in sales and marketing (whether domestic or international) reasonably limits the pool of employees to those having similar-enough employment responsibilities—at least for discovery purposes in this case.  Although Ms. Sanchez may not share the same supervisors as others in Helmer's sales and marketing department, and other sales and marketing employees may not have worked primarily with international (as opposed to domestic) sales, or have made sales calls primarily by telephone or computer as opposed to face-

to-face visits, there has been no showing that these characteristics were material to Helmer's employment decision that Ms. Sanchez must perform her duties in-house, as opposed to remotely. *See Eaton,* 2011 WL 3966145 at *7 (the "material respects" in which the plaintiff must be similar to comparators are those factors that the employer considered when it made the personnel decision at issue).

Helmer also has not demonstrated that the pool of persons that comprise the sales and marketing department is so large that the discovery requests are otherwise overly burdensome, a burden it bore. *Graham v. Casey's General Store,* 206 F.R.D. 251, 254 (S.D. Ind. 2002) (party that objects to discovery request bears burden to show, with specificity, why the discovery request is improper").

## **Conclusion**

The court finds that Ms. Sanchez's Interrogatory No. 18 and Document Request No. 38, as further modified by Ms. Sanchez in their temporal scope and in their application only to persons within the sales and marketing department, seek relevant information, and that there is no further basis for limiting the requests. Helmer's objections are overruled. Helmer must respond to these discovery requests, as modified by Ms. Sanchez, within twenty-one (21) days of the date of this order.

So ORDERED.

Date: 09/21/2011

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

4

Distribution:

John H. Haskin
HASKIN & LARUE
jhaskin@hlllaw.com

Paul Anthony Logan
HASKIN & LARUE
plogan@hlllaw.com

Robert Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

Peter Thomas Tschanz
BARNES & THORNBURG LLP
peter.tschanz@btlaw.com